UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL H.,

        Plaintiff,

        -v-        6:22-CV-1322

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>Attorneys for Plaintiff<br>6000 North Bailey Avenue, Suite 1A<br>Amherst, NY 14226 | JUSTIN M. GOLDSTEIN, ESQ. |
| SOCIAL SECURITY ADMINISTRATION<br>Attorneys for Defendant<br>6401 Security Boulevard<br>Baltimore, MD 21235 | FERGUS J. KAISER, ESQ.<br>Special Ass't U.S. Attorney |

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

On December 9, 2022, plaintiff Michael H.[1] ("plaintiff") filed this action seeking review of the final decision of defendant Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under the Social Security Act (the "Act").  Dkt. No. 1.  Along with his complaint, plaintiff also sought leave to proceed *in forma pauperis* ("IFP Application").  Dkt. No. 3.

The case was assigned directly to U.S. Magistrate Judge Thérèse Wiley Dancks, who granted plaintiff's IFP Application.  Dkt. No. 6.  But because plaintiff did not consent to Magistrate Judge jurisdiction, 28 U.S.C. § 636(c), the matter was later assigned to this Court, Dkt. No. 4, and then referred back to Judge Dancks for a Report & Recommendation ("R&R"), Dkt. No. 7.

Thereafter, the Commissioner filed a certified copy of the Administrative Record, Dkt. No. 8, and the parties briefed the matter in accordance with General Order 18, which provides that an appeal taken from the Commissioner's denial of benefits is treated as if the parties have filed cross-motions for a judgment on the pleadings, Dkt. Nos. 11, 15, 16.

---

[1] In accordance with a May 1, 2018 memorandum issued by the Judicial Conference's Committee on Court Administration and Case Management and adopted as local practice in this District, only the first name and last initial of plaintiff will be mentioned in this opinion.

On March 1, 2024, Judge Dancks recommended by R&R that plaintiff's motion be denied, the Commissioner's motion be granted, the Commissioner's final decision be affirmed, and that plaintiff's complaint be dismissed.  Dkt. No. 17.  Plaintiff has filed objections, Dkt. No. 18, which have been fully briefed, Dkt. No. 19.  Broadly speaking, plaintiff's objections assert that the ALJ committed several errors, his conclusions are inadequately explained, and his findings are unsupported by the record.  Dkt. No. 18 at 10–24.

Upon *de novo* review, the R&R is accepted and will be adopted.  *See* 28 U.S.C. § 636(b)(1)(C).  Plaintiff's objections read an awful lot like a principal brief on appeal; *i.e.*, his arguments are focused directly on various things the ALJ allegedly did wrong rather than how the R&R's findings or conclusions are somehow erroneous.  But this step in the review process is focused on the R&R itself.  *See, e.g.*, *In re GEICO Customer Data Breach Litig.*, –F. Supp. 3d–, 2023 WL 5524105, at *2 (E.D.N.Y. Aug. 28, 2023) ("Objections must be specific and clearly aimed at particular findings in the magistrate judge's proposal.").

With that basic principle in mind, plaintiff's objections must be rejected for substantially the reasons set forth in the Commissioner's response.  Dkt. No. 19.  As the Commissioner points out, plaintiff's arguments about the ALJ were already presented to, and carefully considered by, Judge Dancks.  In the absence of any good reason to second-guess the findings and conclusions in

the R&R, the Court declines to reanalyze those same issues in detail. It is enough to say that under either standard—*de novo* or clear error—the Court is satisfied with the R&R's determinations. Further, to the extent that plaintiff has offered *new* arguments about the ALJ in his objections, these claims involve errors made on a cold record. Plaintiff was in possession of that record as part of the briefing. He therefore could have, and should have, presented those arguments to Judge Dancks in the first instance.

Therefore, it is

ORDERED that

1. The Report & Recommendation is ACCEPTED;

2. Plaintiff's motion is DENIED;

3. The Commissioner's motion is GRANTED;

4. The Commissioner's decision is AFFIRMED; and

5. Plaintiff's complaint is DISMISSED.

The Clerk of the Court is directed to terminate the pending motions, enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

Dated: March 26, 2024
       Utica, New York.

David N. Hurd
U.S. District Judge